BENTON, Judge,
concurring in part and dissenting in part. KOONTZ, J., joins in Part I and II.
For the reasons stated in my prior concurring and dissenting opinion, see Cotton v. Commonwealth, 19 Va.App. 306, 316, 451 S.E.2d 673, 678-79 (1994) (Benton, J., concurring in part and dissenting in part), and for the reasons that follow, I dissent from Part I of the order, concur in Part II, and concur in the remand for a new trial.
I.
Over Cotton’s objection, the Commonwealth attempted to prove through the testimony of Barbara Neal that Chong Johnson made a statement as the robber was escaping. Neal testified that when the robber was leaving the store after taking money, Johnson said “I know him, that’s not a real gun.” Neal stated that Johnson appeared to be “trying to calm everybody down” when she made the statement.
*599 Johnson testified and denied, however, that she said anything during the robbery. Moreover, Johnson testified that during the robbery she was close to the robber and she was aware that he, indeed, had a real weapon. She testified that she recognized the weapon to be “a sawed-off shotgun” that was wrapped with tape.
As the proponent “ ‘seeking to have hearsay declarations of a witness admitted as an exception to the general rule [excluding hearsay evidence],’ ” Doe v. Thomas, 227 Va. 466, 472, 318 S.E.2d 382, 386 (1984) (citation omitted), the Commonwealth bore the burden of establishing that the statement was an excited utterance. Id. “The party seeking to have hearsay declarations ‘admitted as an exception to the general rule must clearly show that they are within the exception.’ ” Jones v. Commonwealth, 11 Va.App. 75, 88, 396 S.E.2d 844, 851 (1990) (emphasis added) (citation omitted). The Commonwealth failed to carry its burden because Johnson denied making the statement and because the proof was insufficient to establish that the statement was not the result of deliberation.
The Commonwealth was obliged to prove that Johnson made a statement “at such time and under such circumstances as to preclude the presumption that it [was] the result of deliberation.” Nicholaou v. Harrington, 217 Va. 618, 622, 231 S.E.2d 318, 322 (1977). “Where the credible evidence for and against this presumption is fairly balanced, the presumption of deliberation and narration is not rebutted.” Jones, 11 Va.App. at 85, 396 S.E.2d at 850. “The ultimate test is whether it appears that ‘the facts [were] talking through the party or ... the party [was] talking about the facts.’ ” Doe, 227 Va. at 472, 318 S.E.2d at 385-86 (citation omitted).
The rationale behind admitting an excited utterance over a hearsay objection is premised upon the existence of evidence tending to prove that such statement was actually made. “ ‘The spontaneity of the utterance is deemed to guarantee its trustworthiness, even though it is hearsay evidence which would otherwise be excluded.’” Doe, 227 Va. at 471, 318 *600 S.E.2d at 385 (quoting Nicholaou, 217 Va. at 622, 231 S.E.2d at 321-22). However, the evidence did not prove that Johnson made the statement. Johnson emphatically denied that she said anything. In addition, Johnson testified at trial that during the event she knew that the robber had an actual gun—a fact contrary to the statement Neal sought to attribute to Johnson. With these manifest conflicts in the Commonwealth’s own evidence, the Commonwealth failed to prove the statement was made by Johnson.
Furthermore, the Commonwealth’s evidence did not establish that “ ‘[t]he statement [was] ... instinctive rather than narrative or the result of deliberation.’ ” Upton v. Commonwealth, 172 Va. 654, 657, 2 S.E.2d 337, 339 (1939) (citation omitted). Neal’s testimony that Johnson was “trying to calm everyone down” when Johnson made the purported statement proved that the purported statement was a narrative resulting from deliberation. Id. The statement reflected a reasoned and purposeful declaration rather than a “spontaneous and impulsive” statement. Id. Thus, Neal’s testimony did “not overcome the presumption that [the purported statement] was deliberate.” Jones, 11 Va.App. at 87, 396 S.E.2d at 851.
For these reasons, I dissent from Part I of the order. I would uphold the panel’s decision barring Neal’s testimony as to this matter.
II.
I concur in Part II of the order upholding the panel decision that the trial judge erred in excluding the plastic bag from evidence.
III.
I also adhere to my view that the panel erred in approving the trial judge’s decision to allow testimony concerning fingernail identification. See Cotton, 19 Va.App. at 316, 451 S.E.2d at 678 (Benton, J., concurring in part, dissenting in part, and *601 concurring in the judgment reversing the convictions and remanding for a new trial).